



1  PRICE LAW GROUP, APC
2  G. Thomas Martin, III (SBN 218456)
   15760 Ventura Boulevard, Suite 1100
3  Encino, California 91436
   Telephone: 818.907.2030
4  Facsimile: 818.205.3730
5  tom@plglawfirm.com

6  Attorney for Plaintiff
7  JAIMIE S. CALLANTA

8

9            UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11

12  JAIMIE S. CALLANTA,                 Case No.:
                                        CV14-0315 SS
13            Plaintiff,
                                        COMPLAINT AND DEMAND FOR
14       vs.                            JURY TRIAL FOR VIOLATIONS
                                        OF:
15

16  FIRST ELECTRONIC BANK, a            1. THE ROSENTHAL FAIR DEBT
17  federally chartered bank; and DOES 1    COLLECTION PRACTICES
    to 10, inclusive,                       ACT [CAL. CIV. CODE § 1788]
18
19            Defendant(s).            2. THE TELEPHONE CONSUMER
                                          PROTECTION ACT
20                                        [47 U.S.C. § 227]

21

22              COMPLAINT FOR DAMAGES

23       I.      INTRODUCTION

24       1.     Jaimie S. Callanta ("Plaintiff") brings this action to secure redress

25  from First Electronic Bank ("Defendant"), a federally chartered bank, for

26  violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227

27  and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE

28  § 1788.  The TCPA is a federal statute that broadly regulates the use of automated

                              - 1 -

                    COMPLAINT FOR DAMAGES

telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC"). The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II.   JURISDICTION AND VENUE

2.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is so related to Plaintiff's TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## III.   PARTIES

4.      Plaintiff is an individual, residing in Palmdale, Los Angeles County, California 93551. Plaintiff is also known as Jaimie Santella Callanta, Jaimie-Raye Santella De La Vega, and/or Jaimie Santella De La Vega.

5.      Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

6.      Defendant is federally chartered bank, headquartered at 280 West 10200 South, Suite 200, Sandy, Utah 84070.

7.      In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c). Defendant

COMPLAINT FOR DAMAGES

1  regularly engages in the collection of debt by telephone in several states

2  including, California.

3        8.    The true names and capacities, whether individual, corporate, or in

4  any other form, of Defendants DOES 1 through 10, inclusive, and each of them,

5  are unknown to Plaintiff, who therefore sues them by such fictitious names.

6  Plaintiff will seek leave to amend this Complaint to show the true names and

7  capacities of DOES 1 through 10 should they be discovered.

8                  **IV.   FACTUAL ALLEGATIONS**

9        9.    Within one year prior to the filing of this action, Defendant contacted

10  Plaintiff to collect money, property or their equivalent, due or owing or alleged to

11  be due or owing from a natural person by reason of a consumer credit transaction,

12  which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE §

13  1788.2(f) ("alleged debt").

14        10.    The alleged debt was allegedly incurred on a Fry's Electronics, Inc.

15  consumer credit card issued by Defendant.

16        11.    At all times relevant to this action, Defendant owned, operated

17  and/or controlled telephone number 801-576-4441.  At all times relevant to this

18  action, Defendant called Plaintiff from, but not limited to, telephone number 801-

19  576-4441.

20        12.    At all times relevant to this action, Defendant called Plaintiff at, but

21  not limited to, Plaintiff's cellular telephone number 310-430-1413.

22        13.    Within one year prior to the filing of this action, Defendant caused

23  Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

24        14.    Within one year prior to the filing of this action, Defendant

25  communicated with Plaintiff with such frequency as to be unreasonable under the

26  circumstances and to constitute harassment.

27        15.    Within one year prior to the filing of this action, Defendant

28  regularly called Plaintiff multiple times over the course of one day.

COMPLAINT FOR DAMAGES

16.     On or about November 20, 2013, Plaintiff requested in writing that Defendant stop calling Plaintiff.  A true and correct copy of Plaintiff's November 20, 2013, letter is attached hereto and referred to herein as "Exhibit A."  In Exhibit A, Plaintiff notified Defendant that Plaintiff was represented by an attorney.  In Exhibit A, Plaintiff provided Defendant with Plaintiff's attorney's contact information.  In Exhibit A, Plaintiff requested all future communication be directed to Plaintiff's address.

17.     Subsequent to November 20, 2013, Defendant called Plaintiff no less than five (5) times.

18.     The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

19.     The natural and probable consequences of Defendant's conduct amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

20.     At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

21.     At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

22.     Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number 310-430-1413 multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential

- 4 -

COMPLAINT FOR DAMAGES

1  number generator and to dial such numbers, also known as an "automatic

2  telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

3      23.    Defendant never received Plaintiff's consent to call Plaintiff on

4  Plaintiff's cellular telephone using an "automatic telephone dialing system" or an

5  "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

6      24.    Assuming Defendant received Plaintiff's consent to call Plaintiff on

7  Plaintiff's cellular telephone using an "automatic telephone dialing system" or an

8  "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent

9  was revoked on or about, but not limited to December 4, 2013.

10     25.    At no time have Plaintiff and Defendant had an "established business

11  relationship" as defined by 47 U.S.C. § 227(a)(2).

12     26.    Defendant is not a tax exempt nonprofit organization.

13     27.    Defendant's violation of the TCPA was willful.

14     28.    Within four years prior to the filing of this action, Defendant

15  willfully and/or knowingly contacted Plaintiff no less than five (5) times at

16  Plaintiff's cellular telephone using an "automatic telephone dialing system" or

17  using an "artificial or prerecorded voice" in violation of the TCPA.

## V.    FIRST CAUSE OF ACTION

### (Violation of the RFDCPA, CAL. CIV. CODE § 1788)

20     29.    Plaintiff incorporates by reference all of the above paragraphs of this

21  Complaint as though fully stated herein.

22     30.    Defendant violated the RFDCPA. Defendant's violations include,

23  but are not limited to, the following:

24     (a)    Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a

25  telephone to ring repeatedly or continuously to annoy the person called; and

26     (b)    Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating,

27  by telephone or in person, with the debtor with such frequency as to be

28

- 5 -

COMPLAINT FOR DAMAGES

1  unreasonable and to constitute an harassment to the debtor under the

2  circumstances; and

3         (c)    Defendant violated CAL. CIV. CODE § 1788.14(c) by communicating

4  with a debtor, other than statements of account, after the debt collector has been

5  notified in writing that the debtor is represented by an attorney; and

6         (d)    Defendant violated CAL. CIV. CODE § 1788.17 by collecting or

7  attempting to collect a consumer debt without complying with the provisions of

8  Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair

9  Debt Collection Practices Act).

10            (i)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

11  U.S.C. § 1692(c)(a)(2) by communicating with a consumer in connection with the

12  collection of any debt if the debt collector knows the consumer is represented by

13  an attorney with respect to such debt and has knowledge of, or can readily

14  ascertain, such attorney's name and address, unless the attorney fails to respond

15  within a reasonable period of time to a communication from the debt collector or

16

17  unless the attorney consents to direct communication with the consumer; and

18            (ii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

19  U.S.C. § 1692(c)(c) by communicating with the consumer with respect to a debt,

20  after the consumer notifies the debt collector in writing that the consumer refuses

21  to pay a debt or that the consumer wishes the debt collector to cease further

22  communication with the consumer; and

23            (iii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

24  U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to

25  harass, oppress or abuse any person in connection with the collection of the

26  alleged debt; and

27  ///

28  ///

-6-

COMPLAINT FOR DAMAGES

1  (iv)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

2  U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in

3  telephone conversations repeatedly; and

4  (v)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

5  U.S.C. § 1692f by using unfair or unconscionable means in connection with the

6  collection of an alleged debt.

7  31.   Defendant's acts, as described above, were done intentionally with

8  the purpose of coercing Plaintiff to pay the alleged debt.

9  32.   As a result of the foregoing violations of the RFDCPA,

10  Defendant is liable to Plaintiff for actual damages, statutory damages, and

11  attorney's fees and costs.

## VI.   SECOND CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

14  33.   Plaintiff incorporates by reference all of the above paragraphs of

15  this Complaint as though fully stated herein.

16  34.   Defendant violated the TCPA. Defendant's violations include, but

17  are not limited to the following:

18  (a)   Within four years prior to the filing of this action, on multiple

19  occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states

20  in pertinent part, "It shall be unlawful for any person within the United States . . .

21  to make any call (other than a call made for emergency purposes or made with the

22  prior express consent of the called party) using any automatic telephone dialing

23  system or an artificial or prerecorded voice — to any telephone number assigned

24  to a . . . cellular telephone service . . . or any service for which the called party is

25  charged for the call.

26  (b)   Within four years prior to the filing of this action, on multiple

27  occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's

28  cellular telephone using an artificial prerecorded voice or an automatic telephone

COMPLAINT FOR DAMAGES

1    dialing system and as such, Defendant knowing and/or willfully violated the

2    TCPA.

3        35.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is

4    entitled to an award of five hundred dollars ($500.00) in statutory damages, for

5    each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds

6    that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled

7    to an award of one thousand five hundred dollars ($1,500.00), for each and every

8    violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

9        36.    Plaintiff is also entitled to seek injunctive relief prohibiting such

10   conduct in the future.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)    An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b)    Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c)    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d)    As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e)    Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

///

COMPLAINT FOR DAMAGES

(f)   Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE §
1788.30(c); and

(g)   Awarding Plaintiff any pre-judgment and post-judgment interest as
may be allowed under the law; and

(h)   For such other and further relief as the Court may deem just and
proper.

## VIII.  DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated:  January 9, 2014                  PRICE LAW GROUP, APC

By: _____

G. Thomas Martin, III
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

COMPLAINT FOR DAMAGES

November 20, 2013

First Electronic Bank
280 West 10200 South, Suite 200
Sandy, UT 84070

Name:          Jaimie Callanta
Cellular #:    310-430-1413

To Whom It May Concern,

I am receiving an overwhelming volume of collection calls to my cellular telephone.

Please do not call me in the future.

Also, I have retained an attorney for the purpose of filing bankruptcy.  As such, please direct all future correspondence to my attorney:

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, CA 91436
(818) 995-4540

Sincerely,

Jaimie Callanta
21815 Martin Street
Carson, CA 90745

cc.  1. First Electronic Bank, P.O. Box 825, Draper, UT 84020
     2. Fry's Electronics, 600 East Brokaw, San Jose, CA 95112 USA

**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ )

JAIMIE S. CALLANTA

FIRST ELECTRONIC BANK, a federally chartered bank; and DOES 1 to 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC, (818)907-2030
15760 Ventura Blvd., Suite 1100, Encino, CA 91436

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No | ☐ **MONEY DEMANDED IN COMPLAINT:** $ according to proof

---

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violations of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788; Violations of The Telephone Consumer Protection Act, 47 U.S.C. § 227

---

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

---

**FOR OFFICE USE ONLY:** Case Number: _____ CV14-0315

CV-71 (09/13) | **CIVIL COVER SHEET** | Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?**<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

| CV-71 (09/13) | CIVIL COVER SHEET | Page 2 of 3 |
|---|---|---|

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

## X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT): _____  DATE: 01/09/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |